**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SENECCA FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CV-1301-SMY |
| | ) | |
| WARDEN FCI GREENVILLE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Senecca Freeman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Freeman filed a supplement to his petition (Doc. 3), and the Government responded (Doc. 8).  Freeman replied (Doc. 13).  For the following reasons, the Petition will be **DENIED.**

**Factual and Procedural Background**

Freeman is a federal prisoner who is incarcerated at FCI-Greenville.  He was charged by Superseding Indictment in the Western District of Michigan on June 11, 2015, with Felon in Possession of a Firearm and Ammunition (Count 1), Distribution of a Controlled Substances (Count 2), Possession of Controlled Substances with Intent to Distribute (Count 3), Possession of a Firearm in Furtherance of Drug Trafficking (Count 4), and Using, Carrying, and Brandishing a Firearm During and in Relation to a Drug Trafficking Crime (Count 5).  *United States of America v. Senecca Keily Freeman,* 15-cr-88-RJJ-1 (Doc. 14) (W.D. Mich. Jun. 11, 2015).

Freeman subsequently entered into a plea agreement that included the following waiver:

12. Waiver of Appeal and Collateral Attack.

a. Waiver: In exchange for the promises made by the government in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b. Exceptions: The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

   i. The defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

   ii. The defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

   iii. The district court incorrectly determined the Sentencing Guidelines range, if the defendant objected at sentencing on that basis; or

   iv. An attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

*United States of America v. Senecca Keily Freeman,* 15-cr-88-RJJ-1, W.D. Mich., (Doc. 22, p. 8).

Freeman pled guilty to Count 1 for violations of 18 U.S.C. §§ 922(g) and 924(e) and was ultimately sentenced to 270 months of imprisonment. (*Id*. at Doc. 47).

Freeman filed a direct appeal with the Sixth Circuit Court of Appeals, arguing that (1) his attorney had "misadvised him that Michigan's unarmed-robbery statute constituted a 'violent felony' under the ACCA and thereby qualified him for that statute's 15-year minimum sentence"; (2) he believed that the "district court erred in granting" an upward departure. *United States v. Freeman*, 679 F.App'x 450, 452 (6th Cir. 2017). The Sixth Circuit affirmed his conviction and sentence. *Id.* at 453-454.

Freeman filed a § 2255 habeas petition in which he argued, again, that "his counsel provided constitutionally ineffective assistance by failing to pursue a claim that the unarmed robbery conviction under Michigan law was an improper ACCA predicate." *Freeman v. United States of America,* 17-cv-916-RJJ, W.D. Mich., (Doc. 6, p. 3). The Court denied the

Petition, noting that the Sixth Circuit had found that unarmed robbery is categorically an ACCA crime of violence under Michigan law.  (*Id.*).

Freeman filed the instant § 2241 petition on September 1, 2022 (Doc. 1).

### Discussion

As a threshold matter, the Court must determine whether Freeman's Petition is barred by a valid waiver.  A defendant can waive his right to collateral review as part of a plea agreement.  *See Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016), cert. denied, 137 S. Ct. 58 (2016).  For the waiver to apply, "the … collateral attack must fall within its scope" and the record must disclose that the waiver was entered into knowingly and voluntarily.  *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010)); *Johnson*, 934 F.3d at 719; *United States v. Galloway*, 917 F.3d 604, 606 (7th Cir. 2019).  Relatedly, collateral attack waivers are upheld and enforced except in cases in which (1) the plea agreement was involuntary; (2) the district court relied on a constitutionally impermissible factor (such as race); (3) the sentence exceeded the statutory maximum; or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement.  *Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011).[1]

The argument Freeman raises in his Petition – that the use of his 1998 Michigan conviction for unarmed robbery as a predicate offense to designate him an armed career criminal under §924(e) was improper and that the alleged error resulted in a miscarriage of justice because it increased his sentence – is a collateral attack on his sentence and clearly

---

[1] Notably, the Sixth Circuit previously concluded that Freeman's plea agreement waiver is enforceable. *United States v. Freeman,* 679 F. App'x 450, 453-54 (6th Cir. 2017).

falls within the scope of his plea agreement waiver.

It is also clear from the record that Freeman agreed to the waiver knowingly and voluntarily.  The waiver was in writing and signed by Freeman. *United States of America v. Senecca Keily Freeman,* 15-cr-88-RJJ-1, W.D. Mich. (Doc. 22).  And consistent with F.R.C.P. 11, the court engaged in the following colloquy with Freeman:

> THE COURT: Okay. Paragraph 12 we haven't talked about, "Waiver of Appeal and Collateral Attack." Generally, Mr. Freeman, you have a right to appeal pretty much any decision I make directly to the Court of Appeals. Normally after you complete all of your direct appeals, you still have a right to come in and file a new action, it's sometimes called a habeas action or a 2255, and say "Something went so fundamentally wrong in my criminal case, you need to give me relief in this new case." We call that generally a collateral attack. Do you have any questions about those normal appeal or attack rights?
>
> FREEMAN: No, sir.
>
> THE COURT: Okay. What paragraph 12A says is that you're giving up those rights that you would normally have except for the things specifically identified in 12B, and there's four categories there.  So if you're going to appeal or attack what happens to you in this court in the future, you're going to have to fit the appeal or the attack into one of those four categories. Do you understand that?
>
> FREEMAN: Yes, I do.

(*Id*.  Doc. 29 at 21).

The court also confirmed with Freeman that his plea was not the product of undisclosed promises, threats, coercion, or compulsion. (*Id*. at 24-25).

Freeman does not explicitly claim that a waiver exception applies and there is no evidence supporting such a finding.  As the Respondent has affirmatively invoked the waiver, the Court must enforce it; Freeman's Petition is barred.

**Disposition**

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Freeman wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Freeman does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**
**DATED:  December 15, 2022**

**STACI M. YANDLE**
**United States District Judge**