IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SENECCA FREEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-CV-1301-SMY |
| | ) |
| WARDEN – FCI GREENVILLE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Senecca Freeman filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The case is now before the Court for consideration of Freeman's Motion to Proceed *in Forma Pauperis* on Appeal (Doc. 23). He also requests the Court appoint him with appellate counsel.

The Court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Freeman provides necessary details regarding his financial condition. And although he does not identify the issue he plans to present on appeal, his Petition was dismissed as being barred by a valid waiver, and the Court presumes that wishes to challenge the application of that waiver on appeal. Thus, the Court finds that he is indigent and that his appeal is taken in good faith.

A petitioner pursuing federal habeas relief is entitled to counsel only when he has received a death sentence, under 18 U.S.C. § 3599(a)(2), or when an evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the Rules Governing Section 2254 Cases. Otherwise, whether

to appoint counsel is discretionary.  In that regard, the Court considers "[whether] given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side."  *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997), citing *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).  Here, given the basis for the dismissal of Freeman's Petition, he has no more of a chance of prevailing with an attorney.  Therefore, the Court declines to appoint counsel.

Accordingly, Freeman's Motion to Proceed *in Forma Pauperis* on Appeal (Doc. 23) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

**DATED:  March 1, 2023**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**